UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GOLARS, LLC,<br>DALEEN1, INC.,<br>SAIL CAPITAL INVESTMENTS, LLC,<br>WARREN TRAVEL PLAZA, INC.,<br>UNITED STATES SMALL BUSINESS<br>OWNERS ASSOCIATION, LLC on behalf<br>of themselves, and all others similarly<br>situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>INDIANA DEPARTMENT OF<br>ENVIRONMENTAL MANAGEMENT,<br>DOUGLAS R. LOUKS individually and in<br>his official capacity as IDEM ASSISTANT<br>COMMISSIONER,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:20-cv-01625-JPH-TAB |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

The Indiana Department of Environmental Management ("IDEM") is the state agency that oversees environmental concerns related to Indiana's underground storage tanks at gas stations. That includes managing the Excess Liability Trust Fund ("ELTF"), which allows reimbursement of some expenses associated with remediation of contamination from underground storage tanks. Plaintiffs allege, in part, that Defendants fraudulently induced them to assume personal liability for contamination from underground storage tanks in order to be eligible for ELTF reimbursement. Defendants have filed motions to dismiss that claim. Dkt. [30]; dkt. [33]. For the reasons below, those motions are **DENIED**.

1

**I.**
**Facts and Background**

Defendants have moved for dismissal of one of Plaintiffs' nine counts under Rule 12(b)(6).  The Court accepts and recites the relevant "well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  Allegations relevant only to the other claims are generally omitted.

Plaintiff Warren Travel Plaza is a business that owns a gas station on property that needs environmental remediation, and Plaintiff United States Small Business Owners Association ("USSBOA") is a membership organization that "advocates for the professional growth of gas station and convenience store owner-operators." *Id.* at 6, 11–12.  Many gas stations, including those owned by some Plaintiff Warren and USSBOA members, use underground storage tanks to store gasoline. *Id.* at 5–6, 14.  If these tanks are not properly installed, operated, and maintained, they can contaminate soil, surface water, groundwater, and overhead buildings. *Id.*

Defendant IDEM, through its Office of Land Quality, "enforces Indiana's [underground storage tank] regulations, and is supposed to ensure adequate cleanup of contamination from leaks and spills." *Id.* at 15.  IDEM thus manages the ELTF, which "provides a mechanism for the cost reimbursement of emergency measures, investigations, corrective action, and [ ] indemnity claims" related to underground storage tanks. *Id.* at 16.

In early 2018, Defendant Louks—IDEM's Office of Land Quality Deputy Assistant Commissioner—began to "twist[ ] existing law to unlawfully cut off ELTF claims." *Id.* at 19.[1]  He "unilaterally redefined the qualifications for [ELTF] reimbursement" and, after Golars objected, published an "ELTF Reimbursement Suspension Policy" ("the Policy") on IDEM's website.  *Id.*  "The [P]olicy states that 'a Party applying for ELTF reimbursement must be the [Responsible Party] *or* someone assigned the rights to ELTF reimbursement *from* [a Responsible Party].'"  *Id.* at 20 (emphasis in original).  But that statement was not true under Indiana law.  *Id.*

For properties where underground storage tanks had been removed, Mr. Louks "demanded that subsequent property owners enter into an Agreed Order with IDEM, in which they assumed personal liability, to be eligible for cost reimbursement from ELTF." *Id.* at 21.  Mr. Louks promised that once an Agreed Order was signed, "all costs and claims submitted for ELTF reimbursement would be processed in accordance with applicable rules and guidance." *Id.*  USSBOA members and Plaintiff Warren entered into Agreed Orders after Defendants said that "they had to do so under existing law." *Id.* at 19, 52.

IDEM and Mr. Louks intended "to unlawfully impose personal liability on a transferee for the remaining corrective action until IDEM determined that the

---

[1] Defendants do not contest the complaint's legal allegations recited in this section, at least for purposes of their motion to dismiss.  *See* dkt. 31 at 2–4 (explaining that the motion "is directed solely to" Plaintiffs' fraudulent inducement claim because "IDEM's alleged representations of law are not actionable ").

corrective action was completed." *Id.* at 23.  And "IDEM continued to improperly deny . . . ELTF claims." *Id.* at 19.

Plaintiffs filed their complaint in state court, dkt. 1-2, and Defendants removed the action to this Court based on federal question jurisdiction with supplemental jurisdiction over Plaintiffs' state law claims, dkt. 1.  The complaint raises nine counts; Count VI is brought by Warren Travel Plaza and the USSBOA ("Fraud Plaintiffs") alleging an Indiana-law claim for fraudulent inducement.   Dkt. 1-2 at 51–53.  Defendants have moved to dismiss that count.  Dkt. 30; dkt. 33.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  Indiana substantive law

4

governs the fraudulent inducement claim, so the Court must apply Indiana law by doing its "best to predict how the Indiana Supreme Court would decide" the issues. *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019).

### III.
### Analysis

Count VI alleges that Defendants fraudulently induced Fraud Plaintiffs to enter into certain orders by stating they had to do so under existing law. Dkt. 1-2 at 51–52. Defendants argue that Count VI must be dismissed because Indiana law precludes fraud liability based on a misrepresentation of law, except in limited circumstances not presented or pleaded in this case. Dkt. 31 at 9. Fraud Plaintiffs respond that Count VI fits within exceptions that allow a fraudulent inducement claim based on misrepresentations of law. Dkt. 38 at 9.

Ordinarily, the elements of fraudulent inducement are "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of." *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013).

### A. Misrepresentations of Law

"In general, a misstatement of the law cannot form the basis of fraud because everyone is presumed to know the law." *Precision Homes of Ind., Inc. v.*

*Pickford*, 844 N.E.2d 126, 132 (Ind. Ct. App. 2006).  However, there are four exceptions—a misstatement of law may qualify when:

> (1) It "include[s] express or implied misrepresentations of fact," *Bowman v. City of Indianapolis*, 133 F.3d 513, 519 (7th Cir. 1998);
>
> (2) It is "made by an attorney or someone professing knowledge in legal matters," including "whenever a party claims a special knowledge or expertise in the law," *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 704 (Ind. Ct. App. 2004);
>
> (3) It "relates to the law of a foreign jurisdiction," *Bowman*, 133 F.3d at 519; or
>
> (4) "[T]here is a special relationship of trust and confidence between the parties," *id.*

While Fraud Plaintiffs argue that each of these exceptions apply except the one involving "the law of a foreign jurisdiction," *see* dkt. 38 at 8, the Court finds that the exception based on statements made by someone professing expertise in legal matters is dispositive and accordingly limits its analysis to that exception.  Defendants argue that the complaint does not allege "that IDEM possesses some specialized knowledge or expertise in the law, or particularly in the field of statutory interpretation."  Dkt. 31 at 8–9.  Fraud Plaintiffs respond that the exception applies because IDEM—as an environmental agency—has expertise about the environmental statutes and regulations it enforces.  Dkt. 38 at 9–11.

This exception applies when the defendant "claims a special knowledge or expertise in the law."  *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 320 (Ind. Ct. App.

1991).  For example, attorneys are experts on domestic law, *id.* at 319; tax planners are experts on tax deductions, *id.* at 320; and annuity companies are experts on the retirement plans they support, *Douglas*, 808 N.E.2d at 704.

Here, Defendants argue that Count VI fails to state a claim because it does not expressly allege "that anyone at IDEM claimed to have *any* special knowledge or expertise—much less expertise in statutory interpretation."  Dkt. 52 at 5.  But IDEM didn't have to make such a claim for the "special knowledge or expertise in the law" exception to apply to Defendants' conduct.  That's because IDEM is the Indiana agency tasked with enforcing federal and state environmental laws and regulations—including regulations that it promulgates.  *See Ind. Dep't of Environ. Mgmt. v. Twin Eagle LLC*, 798 N.E.2d 839, 845–46 (Ind. 2003); *Ind. Dep't of Environ. Mgmt. v. Construction Mgmt. Assocs., L.L.C.*, 890 N.E.2d 107, 113 (Ind. Ct. App. 2008); Ind. Code § 13-14-1-12.  IDEM therefore implicitly claimed expertise when it included legal standards in the Policy:  "If a party wishes to access the ELTF and that party is not the [responsible party], that party must have entered into an Agreed Order with IDEM, assuming corrective action liability for the release."  Dkt. 1-2 at 134.  That is a statement of legal eligibility for funding that IDEM oversees, *see id.* at 6–10, in a field where IDEM "has expertise," *Moriarity v. Ind. Dept. of Nat. Resources*, 113 N.E.3d 614, 619 (Ind. 2019).  Indeed, because of that expertise, "the public relies on its authority to govern in that area."  *Id.*

Moreover, the lack of an explicit claim is not dispositive under Indiana law when the party making the claim has inherent expertise in the area.  *Cf.*

*Scott*, 571 N.E.2d at 320 (explaining that the exception applies when an attorney makes legal representations) (citing *Kinney v. Dodge*, 101 Ind. 573 (1885)).  Here, IDEM has that expertise, which is implicitly recognized in the Policy that it placed on its website and in the position of authority it enjoys under Indiana law.  Dkt. 1-2 at 19–23 (allegations about the Policy's content, IDEM's representations about the Policy, and efforts to have applicants sign Agreed Orders); *see Moriarity*, 113 N.E.3d at 619 (noting the "authority to govern" in the agency's area of expertise).[2]  For that reason, this case is not like *Bowman*, which Defendants rely on.  Dkt. 52 at 5 (citing 133 F.3d 513).  There, the defendant City of Indianapolis did not have inherent expertise on the federal Fair Labor Standards Act and did not "claim[ ] superior knowledge of the" statute.  *Bowman*, 133 F.3d at 519.

Finally, Defendants argue that the expertise exception has not been applied "beyond the private transaction context."  Dkt. 52 at 4.  But they cite no authority exempting state agencies from the exception.  *See id.*  And the reason for the exception—that legal statements based on superior legal knowledge can induce reliance—squarely applies when the agency makes statements about its own regulations.  *See Bales v. Hunt*, 77 Ind. 355, 359–60 (1881); *Douglas*, 808 N.E.2d at 702–03.  Fraud Plaintiffs allege that's what happened here and, at least at this stage, Defendants do not contest those

---

[2] The same is true of Mr. Louks, even if he were not a licensed attorney.  Plaintiffs allege that he "unilaterally redefined the qualifications for [ELTF] reimbursement" and published the Policy as Deputy Assistant Commissioner for IDEM's Office of Land Quality.  Dkt. 1-2 at 10, 19.  Mr. Louks did not raise separate arguments for dismissal, instead joining IDEM's briefs.  Dkt. 33; dkt. 53.

allegations.  *See* dkt. 31 at 2–4 ("The . . . allegation[ ] . . . that IDEM has

continued to apply the Policy in a manner inconsistent with the statutory

definition . . . . is not the subject of the present motion.").[3]

### B. Reliance

Defendants also argue that Fraud Plaintiffs failed to plead that they

reasonably relied on a misrepresentation.  Dkt. 31 at 9–10.  Fraud Plaintiffs

respond that IDEM's statements induced them to enter "extralegal Agreed

Orders."  Dkt. 38 at 14–15.

Reliance requires "that the complaining party took some kind of action in

response to the misstatement."  *BSA Constr. LLC v. Johnson*, 54 N.E.3d 1026,

1032 (Ind. Ct. App. 2016).  The complaint alleges that IDEM "demanded that

subsequent property owners enter into an Agreed Order with IDEM, in which

they assumed personal liability, to be eligible for cost reimbursement from

ELTF."  Dkt. 1-2 at 21.  And that IDEM "induced [Plaintiff] Warren and

USSBOA members to enter into Agreed Orders by stating they had to do so

under existing law."  *Id.* at 52.  The Policy did not inform Fraud Plaintiffs that

under the Agreed Orders, Plaintiff Warren and USSBOA members "would bear

---

[3] The parties dispute whether judicial deference to agencies affects potential liability for fraudulent inducement, *see* dkt. 38 at 8, and whether the Policy can be challenged only through Indiana's Administrative Orders and Procedures Act ("AOPA"), *see* dkt. 52 at 9 (citing Ind. Code § 4-21.5-5-1 *et seq.*).  The Court does not address deference because Defendants' motions are denied on other grounds, as explained above.  The Court also does not address AOPA because, at this stage, Defendants raised that argument only to respond to Fraud Plaintiffs' argument that Indiana courts' deference to agencies bolstered their claim.  *See* dkt. 61 at 4–5, 4 n.2 ("IDEM does not contend that the AOPA 'governs the outcome of its 12(b)(6) motion.'").  Fraud Plaintiffs' motion for leave to file a surreply is **GRANTED**, dkt. [57], to the extent that the Court has considered the surreply, dkt. 57-1, and Defendants' response in opposition, dkt. 61, to clarify the scope of these arguments.

liability for all corrective action costs exceeding the ELTF cap until IDEM decides to issue a No Further Action order." *Id.* That is enough to plausibly plead that they "actually relied on the misrepresentation." *Waterfield v. Waterfield*, 61 N.E.3d 314, 323 (Ind. Ct. App. 2016).

*   *   *

Indiana law ordinarily requires a plaintiff to plead misrepresentations of fact to state a claim for fraudulent inducement. But there is an exception for misrepresentations of law made by someone professing expertise in legal matters. While Defendants note that Indiana courts have not expanded that exception "beyond the private transaction context," at this stage in this case they have not presented as a principal argument or otherwise developed an argument for a broad rule immunizing state agencies. Dkt. 31 at 5, 9 (lead brief arguing only that Indiana law generally precludes liability for misrepresentations of law and that no recognized exception applies); dkt. 52 at 4. The Court therefore holds only that the facts alleged in Count VI of the complaint are sufficient to state a claim for fraudulent inducement based on reliance on misstatements of law, without expanding Indiana law.

<h2 style="text-align:center">IV.<br>Conclusion</h2>

Defendants' motions to dismiss are **DENIED**. Dkt. [30]; dkt. [33].

**SO ORDERED.**

Date: 3/31/2021

_James Patrick Hanlon_

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Thomas A. Barnard
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
tbarnard@taftlaw.com

Kyle Thomas Finnegan
ICE MILLER, LLP
kyle.finnegan@icemiller.com

Helen K. Geib
HOOVER HULL TURNER LLP
hgeib@hooverhullturner.com

Vivek Randle Hadley
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
vhadley@taftlaw.com

Derek R. Molter
ICE MILLER LLP (Indianapolis)
derek.molter@icemiller.com

Kenneth J. Munson
HOOVER HULL TURNER LLP
kmunson@hooverhullturner.com

Judith S. Okenfuss
ICE MILLER LLP (Indianapolis)
judy.okenfuss@icemiller.com

Seth Michael Smoker
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
seth.m.smoker@gmail.com

Donald M. Snemis
ICE MILLER LLP (Indianapolis)
donald.snemis@icemiller.com

Wayne C. Turner
HOOVER HULL TURNER LLP
wturner@hooverhullturner.com

Christopher D. Wagner
HOOVER HULL TURNER LLP
cwagner@hooverhullturner.com

William C. Wagner
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
wwagner@taftlaw.com

Gregory F. Zoeller
GOLARS ENVIRONMENTAL ENGINEERING
gzoeller@golars.com